IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**LOUIS D. VEREEN, JR.,**

    Petitioner,

v.                                                             Case No. 4:23cv037-MW/MAF

**WAKULLA CORRECTIONAL INSTITUTION, et al.,**

    Respondents.

_____/

## REPORT AND RECOMMENDATION

On January 23, 2023, Petitioner Louis D. Vereen, Jr., a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. After direction by this Court, ECF No. 5, he filed an amended petition, ECF No. 12, and supporting memorandum, ECF No. 13. On June 30, 2023, Respondent filed a motion to dismiss the petition, with exhibits. ECF No. 16. Petitioner has filed a reply, ECF No. 22; supplemental exhibits, ECF No. 20; and a "Notice to Plead," ECF No. 21. Petitioner has also filed a "Letter of Inquiry." ECF No. 23.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration,

the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show the petition should be dismissed as untimely. *See* Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural Background

Petitioner Louis D. Vereen, Jr., challenges his conviction and sentence from the Fourth Judicial Circuit, Duval County, Florida, following a jury trial in case number 2012-CF-12393. ECF No. 12; *see* ECF No. 1. In particular, on March 28, 2014, the jury found Vereen guilty of two counts of lewd or lascivious molestation, contrary to section 800.04(5)(b), Florida Statutes. Ex. A at 423-25 (verdict); *see id*. at 100-01 (amended information).[1] On May 14, 2014, the trial court adjudicated him guilty and sentenced him to concurrent prison terms of twenty-five (25) years, followed by lifetime sex offender probation. Ex. A at 526-40. Vereen appealed his conviction and sentence to the First District Court of Appeal (First DCA), assigned case number 1D14-2556, and his counsel filed an initial brief. Ex. H. The State

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's motion to dismiss, ECF No.16.

filed an answer brief. Ex. I. On September 22, 2016, a panel of the First DCA, consisting of Judges Rowe, Osterhaus, and Winsor, per curiam affirmed the case without a written opinion. Ex. K; Vereen v. State, 200 So. 3d 66 (Fla. 1st DCA 2016) (table). Vereen did not seek further review.

On or about May 31, 2022, Vereen filed in the state trial court a petition for writ of habeas corpus. Ex. M. By order rendered June 16, 2022, the court dismissed the petition, construing it as a motion to vacate judgment and sentence pursuant to Florida Rule of Criminal Procedure Rule 3.850 and finding it untimely. Ex. N. It does not appear that Vereen timely appealed this order. *See* ECF No. 16 at 3.

As indicated above, on January 23, 2023, Vereen filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. ECF No. 1. After direction by this Court, ECF No. 5, he filed an amended petition, ECF No. 12, and supporting memorandum, ECF No. 13. Respondent filed a motion to dismiss the petition, with exhibits. ECF No. 16. Petitioner has filed a reply, ECF No. 22; supplemental exhibits, ECF No. 20; and a "Notice to Plead," ECF No. 21; as well as a "Letter of Inquiry," ECF No. 23.

## Analysis

Under the AEDPA, there is a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the

date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Later dates which may commence the period are the date on which an unconstitutional impediment that prevented the applicant from filing is removed; the date on which the constitutional right asserted was recognized by the U.S. Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered with due diligence. *Id*. § 2244(d)(1)(B)-(D). The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court. *Id.* § 2244(d)(2). The time may be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

In this case, as indicated above, on September 22, 2016, the First DCA per curiam affirmed the case without a written opinion. Ex. H. He did not seek further review. Accordingly, his conviction became final for federal habeas purposes on **December 21, 2016**, upon expiration of the ninety-day period for seeking certiorari review in the U.S. Supreme Court. *See* 28 U.S.C. § 2244(d)(1)(A); *see also, e.g.*, Nix v. Sec'y for Dep't of Corr., 393 F.3d 1235, 1236-37 (11th Cir. 2004); Kaufman v. United States, 282 F.3d

1336, 1338 (11th Cir. 2002).  He had one year thereafter, or until December 21, 2017, to file a federal habeas petition, absent tolling activity.  *See, e.g.*, Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1218 (11th Cir. 2017) (explaining Cadet's conviction became final "on December 23, 2002, when the time for seeking a writ of certiorari from the United States Supreme Court expired" and "[o]n that same date, Cadet's one-year statute of limitations for filing a federal habeas petition began to run," citing 28 U.S.C. § 2244(d)(1)(A)); Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (calculating limitations period according to "anniversary method"); Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (applying anniversary date analysis).

Vereen did not file anything until June 6, 2022, when he filed the petition for writ of habeas corpus in the state trial court.  ECF No. 12 at 4; ECF No. 16, at 5; Ex. M.  By this point, however, the one-year AEDPA limitations period had long expired.  Thus, his § 2254 petition is untimely.

In his amended § 2254 petition, his reply, and other filings, Vereen asserts he is "actually innocent."  ECF No. 12 at 9-17; ECF No. 22.  *See also* ECF Nos. 11 (Affidavit of Truth), 13 (Memorandum of Law), 20 (Supplemental Exhibits).  In particular, he raises five grounds in his amended § 2254 petition asserting his innocence:

    (1) "L. Vereen is actually innocent, with damages thru Illegal Arrest, Memorandum Violations, Constitutional Violations and Denial of Equal Protection of the Law. 14th Amendment of the Constitution," where "[t]he Depositions and multiple Hearings, Testimony of Social Worker and Police in connection with L. Vereen Affidavit and in comparison to the results of other cases similarly situated, which is pursuant to clearly established Supreme Court Mandate which is supporting facts of this claim." ECF No. 12 at 9.

    (2) "L. Vereen is innocent and wrongfully convicted thru the RECANTING Alleged Victims and Manifest Injustice," where "[t]he Important Facts are New Evidence of Recanting Affidavits from the Alleged Victims; Inconsistent and Recanting Testimonies at the Court Hearings. Recant Letters and Emails from the Alleged Victims. The Rules of Impeachment and Clearly Establish Supreme Court Mandates." *Id*. at 11.

    (3) "L. Vereen's Actually Innocent thru Due Process and Equal Protection Violation, Fraud, Collusion, Conspiracy by Prosecutor and all Counsels listed in (L) in this document," where "Supporting Facts are Multiple Affidavits Who Witness The Petitioner's Key Witness (Tara) Spouse, be Placed Under Threat, Duress and Coercion to NOT Testify in Favor of the Petitioner's Innocence by INCRIMINATING HERSELF for a Promise of a Lenient Plea Deal." *Id*. at 13.

    (4) "L. Vereen is Innocent and Wrongfully Convicted thru 5th Amendment Suppression Motion and Hearing Violations" where "[o]n the Face of the Records, Suppression Motion is DENIED AND AFFIRMED BY THE APPEAL COURT, WITH UNFAIR AND IMPROPER CONSIDERATION which is Contrary and Blatant Disregard in comparison to other CASES Similarity Situated in Clearly Established Supreme Court Mandate." *Id*. at 15.

    (5) "L. Vereen is actually innocent with damages thru [denial of] Due Process and Equal Protection of Police Illegally Tampered with State Witness," where "Deposition and

> Testimony shows that Detective Beasley performed illegal interviews with the CHILD alleged VICTIM at school without her MOTHER'S present in violation of 4th Amendment Warrant pursuant to comparing the results of other cases similarly situated by clearly established Supreme Court Mandate." *Id*. at 17.

"Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." Herrera v. Collins, 506 U.S. 390, 400 (1993); *see* McQuiggin v. Perkins, 569 U.S. 383, 392 (2013) ("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence."). *See also* Jordan v. Sec'y, Dep't of Corr., 485 F.3d 1351, 1356 (11th Cir. 2007) (explaining, after declining to consider freestanding claim of actual innocence because it did not fall within the certificate of appealability order, "our precedent forbids granting habeas relief based upon a claim of actual innocence, anyway, at least in non-capital cases").

To the extent Vereen argues his incarceration constitutes a "fundamental miscarriage of justice" because he is "actually innocent," such that he should benefit from the equitable exception to the AEDPA statute of limitations set forth in McQuiggin, this argument should be rejected. In McQuiggin, the U.S. Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" even when the

AEDPA time has expired. 569 U.S. at 386. The Court cautioned, however, that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id*. (quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 329 (1995)); *see* <u>Gore v. Crews</u>, 720 F.3d 811, 817 (11th Cir. 2013) (explaining U.S. Supreme Court "has not recognized any equitable exceptions to the statutory bars on habeas petitions when the petitioner does not make a 'credible showing' of actual innocence" and the Court's "most recent decision on the matter, <u>McQuiggin</u>, reaffirmed that principle, holding that there is an 'equitable exception' to the statute of limitations applicable to habeas claims, 28 U.S.C. § 2244(d), but only when the petitioner presents new evidence that 'shows it is more likely than not that no reasonable juror would have convicted the petitioner'"). "To be credible, such a claim requires a petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." <u>Schlup</u>, 513 U.S. at 324; *see* <u>McQuiggin</u>, 569 U.S. at 401 ("We stress once again that the <u>Schlup</u> standard is demanding. The gateway should open only when a petition presents 'evidence of innocence so strong

that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" (quoting Schlup, 513 U.S. at 316)).

Here, Vereen has not supported his claim that he is "actually innocent" with any new reliable evidence as required. *See, e.g.*, Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (explaining actual innocence exception "is exceedingly narrow in scope, as it concerns a petitioner's 'actual' innocence rather than his 'legal' innocence" and "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial" (quoting Calderon v. Thompson, 523 U.S. 538, 559 (1998))). The "Recanting Affidavits from the Alleged Victims" and "Affidavits and Recant Letters" he references in his amended petition, ECF No. 12, appear to be included in his supplemental exhibits, ECF No. 20-1 at 2-43, and his reply exhibits, ECF No. 22-1 (Ex. A). None of this is actually "newly discovered evidence," however, and all was known before the AEDPA limitations period expired. Indeed, an argument concerning "newly discovered evidence of a recanting victim" was made in the third point of the Initial Brief filed in Vereen's direct appeal. *See* Ex. H at 32-33; ECF No. 20-2 at 7; *see also* ECF No. 16 at 8 n.1.

Based on the foregoing, Petitioner Vereen has not opened the "gateway" described in McQuiggin and other cases such that his habeas

claims may be considered on the merits. His federal habeas petition should be dismissed as untimely.

## Conclusion

The § 2254 petition is untimely and Petitioner Vereen has not demonstrated entitlement to any exception to the one-year AEDPA limitations period. Therefore, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 16, be **GRANTED**, and Petitioner Vereen's amended § 2254 petition, ECF No. 12, be **DISMISSED as untimely**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore,

the Court should deny a certificate of appealability.  The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 16) be **GRANTED** and the amended § 2254 petition (ECF No. 12) be **DISMISSED as untimely.**  It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on October 4, 2023.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.