IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LOUIS D. VEREEN, JR.,

    *Petitioner*,

v.                            Case No.: 4:23cv37-MW/MAF

WAKULLA CORRECTIONAL
INSTITUTION, *et al.*,

    *Respondents*.
_____/

## ORDER REJECTING REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 26, and has also reviewed *de novo* Petitioner's objections, ECF No. 31.

The Magistrate Judge recommends that this Court grant Respondent's motion to dismiss Petitioner's 28 U.S.C. § 2254 petition as untimely. ECF No. 26 at 11. The Magistrate Judge thoroughly explains that, based on the record before him, Petitioner's AEDPA clock expired well before the subject § 2254 petition was filed. *Id.* at 4–5. Further, the Magistrate Judge explains why Petitioner's attempt to invoke the "actual innocence" exception to AEDPA's statute of limitations falls flat. *Id.* at 6–10. In Petitioner's objections, however, he claims that the record of his state postconviction filings filed by Respondents is incomplete. Specifically, Petitioner

claims that he filed two collateral attacks on his conviction "in the Duval County in May 28th through July 2017, which is before December 22, 2017, the Federal Limitation Deadline." ECF No. 31 at 3–4. Petitioner claims that these filings have been pending in Duval County Circuit Court for over five years and are now being concealed by officials there. *Id.* at 2–3.

Petitioner's claims regarding a conspiracy to conceal his past state collateral attacks on his conviction border on fanciful. However, if Petitioner truly did file these collateral attacks on his subject conviction prior to December 22, 2017—and they remain pending—then his present § 2254 petition would be timely. Out of an abundance of caution, this Court will reject the Report and Recommendation and remand this matter back to the Magistrate Judge for the limited purpose of determining whether Petitioner filed his two claimed state collateral attacks prior to December 22, 2017.

This Court pauses, however, to make clear that the Magistrate Judge's conclusions regarding the untimeliness of the petition and Petitioner's failure to satisfy the actual innocence exception to AEDPA's time bar are otherwise sound. This Court finds that remanding this matter back to the Magistrate Judge is only appropriate to determine the limited timeliness issue described above. If, for example, Petitioner did not actually file these suits before December 22, 2017, or

2

they are not collateral attacks sufficient to toll his AEDPA clock, then Respondent's motion to dismiss this § 2254 petition is due to be granted. Accordingly,

**IT IS ORDERED**:

1. This Court **REJECTS** the Report and Recommendation, ECF No. 26.

2. Defendant's motion for extensions of time to file objections to the Report and Recommendation, ECF Nos. 29 & 30, are **DENIED as moot**.

3. This case is remanded to the Magistrate Judge for proceedings consistent with this order.

**SO ORDERED on November 21, 2023.**

s/Mark E. Walker  
**Chief United States District Judge**
